UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. SACV 25-00746-KK | Date: October 2, 2025 |
| Title: *In Re: R.A. Lotter Holdings, Inc.* | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Appellant(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I.
## PROCEDURAL HISTORY

On April 10, 2025, appellant R.A. Lotter Insurance Marketing, Inc. ("Appellant") filed a Notice of Appeal and Statement of Election.  ECF Docket No. ("Dkt.") 1.  On July 1, 2025, the Court granted the parties' stipulation for an extension of time to file Appellant's opening brief until July 28, 2025.  Dkt. 8.  Appellant, however, did not file an opening brief.  Thus, on September 25, 2025, the Court issued an Order to Show Cause ("OSC") why Appellant's action should not be dismissed for failure to prosecute.  Dkt. 9.  The Court ordered Appellant to file a response to the OSC "no later than October 1, 2025," and advised Appellant "failure to file a timely response will result in dismissal for failure to prosecute and/or comply with Court orders."  Id. (citing Fed. R. Civ. P. 41(b)).

To date, Appellant has not filed a Response to the Court's September 25, 2025 OSC.  Appellant is, therefore, in violation of the Court's scheduling orders and September 25, 2025 OSC.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders.  See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may sua sponte

dismiss an action pursuant to Rule 41(b)); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Rule 41(b) for failing to comply with a court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc., 149 F.4th 1081, 1090 (9th Cir. 2025) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Appellant has not filed a response to the Court's September 25, 2025 OSC. Dkt. 9. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Appellant does not intend to litigate this action diligently.

The third factor – prejudice to the Appellee – also weighs in favor of dismissal. A rebuttable presumption of prejudice arises when an Appellant unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Appellant's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Appellant has not discharged this responsibility despite having been: (1) instructed on Appellant's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See dkt. 9. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Appellant's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Appellant's compliance with court orders or participation in this litigation. Appellant has shown it is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Appellant has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Appellant about the possibility of dismissal, see dkt. 9.

///

///

///

///

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.  (JS-6)

**IT IS SO ORDERED.**